IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY OTERO and CARLOS OTERO, JR.,

        Plaintiffs,

vs.                            No. 1:21-cv-00151-LF-JFR

CITY OF GRANTS and DETECTIVE
SERGEANT COREY WHITE, a Grants
Police Department Officer,

        Defendants.

## ANSWER

Defendants answer Plaintiffs' Complaint to Recover Damages for Deprivations of Federal Civil Rights and for Violations of the New Mexico Tort Claims Act as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendants admit the allegations of Paragraph 1.

2.      Defendants admit the allegations of Paragraph 2.

3.      Defendants are without knowledge of the truth of the allegations of Paragraph 3 and therefore deny the same and demand strict proof.

4.      Defendants admit the allegations of Paragraph 4.

5.      Defendants admit the allegations of Paragraph 5.

6.      Defendants are without knowledge of the truth of the allegations of Paragraph 6 and therefore deny the same and demand strict proof.

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants admit the allegations of Paragraph 8, subject to the provisions of the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -30.

## FACTUAL BACKGROUND

9.      Defendants deny the allegations of Paragraph 9.

10.     Defendants are without knowledge of the truth of the allegations of Paragraph 10 and therefore deny the same and demand strict proof.

11.     Defendants admit the allegations of Paragraph 11.

12.     Defendants are without knowledge of the truth of the allegations of Paragraph 12 and therefore deny the same and demand strict proof.

13.     Defendants are without knowledge of the truth of the allegations of Paragraph 13 and therefore deny the same and demand strict proof.

14.     In answer to Paragraph 14, Defendants admit that Defendant White was operating a Grants Police Department pickup at all material times; Defendants are without knowledge of the truth of the remaining allegations of Paragraph 14 and therefore deny the same and demand strict proof.

15.     Defendants are without knowledge of the truth of the allegations of Paragraph 15 and therefore deny the same and demand strict proof.

16.     Defendants deny the allegations of Paragraph 16.

17.     Defendants deny the allegations of Paragraph 17.

18.     Defendants deny the allegations of Paragraph 18.

19.     Defendants deny the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

21.     Defendants deny the allegations of Paragraph 21.

22.     Defendants deny the allegations of Paragraph 22.

23.     In answer to Paragraph 23, Defendants state that Defendant White instructed Plaintiff Ricky Otero on more than one occasion to return to his vehicle.  Defendants are without knowledge of the truth of the remaining allegations of Paragraph 23 and therefore deny the same and demand strict proof.

24.     Defendants deny the allegations of Paragraph 24.

25.     Defendants deny the allegations of Paragraph 25.

26.     Defendants deny the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     In answer to Paragraph 28, Defendants state that Defendant White instructed Plainitiff Ricky Otero on more than one occasion to return to his vehicle.  Defendants are without knowledge of the truth of the remaining allegations of Paragraph 28 and therefore deny the same and demand strict proof.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31.

32.     In answer to Paragraph 32, Defendants admit that Defendant White attempted to detain Plaintiff Ricky Otero and that a struggle ensued; Defendants are without knowledge of the truth of the remaining allegations of Paragraph 32 and therefore deny the same and demand strict proof.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations of Paragraph 34.

35.     Defendants are without knowledge of the truth of the allegations of Paragraph 35 and therefore deny the same and demand strict proof.

36.     Defendants deny the allegations of Paragraph 36.

37.     In answer to Paragraph 37, Defendants admit that Defendant White was required to unholster his Taser as part of his efforts to create a safe space between Plaintiff Carlos Otero and Plaintiff Ricky Otero.  Defendants are without knowledge of the truth of the remaining allegations of Paragraph 37 and therefore deny the same and demand strict proof.

38.     Defendants admit the allegations of Paragraph 38.

39.     Defendants are without knowledge of the truth of the allegations of Paragraph 39 and therefore deny the same and demand strict proof.

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants are without knowledge of the truth of the allegations of Paragraph 42 and therefore deny the same and demand strict proof.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants are without knowledge of the truth of the allegations of Paragraph 44 and therefore deny the same and demand strict proof.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     In answer to Paragraph 47, Defendants admit that Defendant White applied handcuffs to the wrists of Plaintiff Ricky Otero; Defendants are without knowledge of the truth of the remaining allegations of Paragraph 47 and therefore deny the same and demand strict proof.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     In answer to Paragraph 50, Defendants admit that Defendant White instructed Plaintiff Carlos Otero to move back from Plaintiff Ricky Otero.

51.     Defendants deny the allegations of Paragraph 51.

52.     In answer to Paragraph 52, Defendants admit that Plaintiff Carlos Otero was handcuffed.  Defendants deny the remaining allegations of Paragraph 52.

53.     Defendants are without knowledge of the truth of the allegations of Paragraph 53 and therefore deny the same and demand strict proof.

54.     Defendants admit the allegations of Paragraph 54.

55.     Defendants are without knowledge of the truth of the allegations of Paragraph 55 and therefore deny the same and demand strict proof.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegation of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants admit the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants admit the allegations of Paragraph 65.

## COUNT I: BATTERY

66.     In answer to Paragraph 66, Defendants restate their responses to the allegations of the preceding Paragraphs.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72.

## COUNT II: RIGHT TO BE FREE FROM UNREASONABLE SEIZURES

73.     In answer to Paragraph 73, Defendants restate their responses to the allegations of the preceding Paragraphs.

74.     Defendants admit the allegations of Paragraph 74.

75.     Defendants admit the allegations of Paragraph 75.

76.     Defendants admit the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants deny the allegations of Paragraph 80.

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85.

86.     Defendants deny the allegations of Paragraph 86.

## COUNT III: EXCESSIVE USE OF FORCE

87.     In answer to Paragraph 87, Defendants restate their responses to the allegations of the preceding Paragraphs.

88.     Defendants admit the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny all other allegations of the Complaint not otherwise admitted above.

## FIRST AFFIRMATIVE DEFENSE

The supplemental claims set forth in the Complaint are subject to the defenses, immunities, and limitations set forth in the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -30.

## SECOND AFFIRMATIVE DEFENSE

The claims against Defendant White are barred by such Defendant's qualified immunity; his actions were at all times reasonable and in good faith.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiffs was a direct and proximate result, in whole or in part, of the acts and omissions, negligence, and other fault of Plaintiffs, for which these Defendants are neither responsible nor liable.

## FOURTH AFFIRMATIVE DEFENSE

Any injuries suffered by Plaintiffs, which injuries these Defendants specifically deny, are subject to apportionment under the doctrine of comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

At all material times, Defendant White acted with probable cause and legal justification towards Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, the existence of which are specifically denied, are barred or reduced to the extent Plaintiffs have failed to mitigate such damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' alleged actions in this matter do not rise to the level of any constitutional or statutory deprivation of rights.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' conduct was not the proximate cause of any injuries claimed by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

The actions of Defendant White were in all respects supported by a particularized and objective basis for suspecting the Plaintiffs had engaged in criminal activity.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages against Defendant White are Plaintiff's claims for punitive damages are subject to such Defendant's due process rights as secured by the United States and New Mexico Constitutions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert such other and additional affirmative defenses as may become known as discovery proceeds in this matter.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants respectfully request that it be dismissed, with prejudice, for their costs and attorney fees incurred in pursuing this matter, and for such other and further relief as may be appropriate in the circumstances.

MASON & ISAACSON, P.A.

By /s/ Thomas Lynn Isaacson
Thomas Lynn Isaacson
104 E. Aztec Ave.
P.O. Box 1772
Gallup, NM  87305
(505)722-4463
(505)722-2629 (f)
tli@milawfirm.net
*Attorneys for Defendants*

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing pleading was filed through the CM/ECF system on this 30th day of March, 2021, and that the following individuals were served by electronic means, as more fully reflected on the Notice of Electronic filing:

        Joseph P. Kennedy
        Adam C. Flores
        Kennedy, Kennedy & Ives, P.C.
        1000 2nd Street NW
        Albuquerque, New Mexico 87102

                                 /s/ Thomas Lynn Isaacson